[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO CITE IN ADDITIONAL PARTY DEFENDANTS (#114)
The plaintiffs, Timothy, Mark and Jan Olander commenced this action on August 1, 1990, against the defendants Robert Breen and Community Associates of Connecticut, Inc. The plaintiffs' original complaint alleges the following facts. The plaintiff Timothy Olander is a sixteen year old CT Page 4386 handicapped boy who resides with his parents Mark and Jan Olander. During the period from October 1, 1989 until April 6, 1990, Timothy lived in a group home owned and operated by the defendant Community Associates of Connecticut, Inc. (hereinafter CACI). The plaintiffs further allege that while Timothy was a resident of CACI, the defendant Breen, an employee of CACI, punched, kicked, choked, threatened and intimidated Timothy. The complaint further alleges that this abuse and neglect was, in part, caused by the defendant CACI's failure to properly train and supervise its employees.
On May 6, 1991, the plaintiffs filed a motion to join and cite in additional parties defendant pursuant to Conn. Practice Bk. 100 and Conn. Gen. Stats. sections 52-102 and 52-108, with a supporting memorandum of law. The plaintiffs seek to add the following CACI employees as defendants: Regina Bower, Nerval White, Scott Roskosky, Richard Granja, and William Hale (hereinafter employees). In support of their motion the plaintiffs state that, through discovery, they have learned that the above-mentioned employees witnessed one or more abusive act or acts of neglect by the defendant Breen, but failed to report this abuse or neglect. The plaintiffs have also submitted a copy of the police report wherein the above-mentioned employees gave statements to the police to this effect.
On May 6, 1991, the plaintiffs also filed a motion to amend their complaint with a copy of the amended complaint. The amended complaint contains allegations addressed to the employees. On May 15, 1991, the defendant CACI filed an objection to the plaintiffs' motion to join and cite in additional defendants with a supporting memorandum of law.
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion. . .(1) maybe made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy. Conn. Gen. Stat. 52-102.
The defendant CACI argues in opposition to the motion that the presence of the employees is not necessary in order for this court to do complete justice; that the employees were acting within the scope of their employment and thus would be immune from individual liability; and that there is no purpose in having the employees named as individual parties defendant. These arguments are meritless. Whether the employees were acting within the scope of their employment is a question to be decided at a later date. The employees are necessary to the determination of this matter and therefore the plaintiffs' motion to join and cite in additional defendants is granted.
SUSCO, J. CT Page 4387